Taliaferro, J.
A. L. Gusman, alleging an interest in the affairs of a defunct insurance company, the books and papers of which being in. the possession of Wm. S. Pike as president, during his life time, were *677 found in his succession after Ms decease, applied to the judge of the Superior Court for a mandamus to compel Mary A. Pike and John H. Pike, the legal representatives ofWm. S. Pike, deceased, to grant him access at seasonaMe and proper hours to the said books and papers for examination. The writ prayed for was made peremptory and the relators applied for a suspensive appeal, which was granted on bond with surety in the sum of $300 as fixed by the judge. The required bond was furnished, but subsequently, on application of Gusman, the judge set aside the appeal as a suspensive one, and permitted it to operate only as a devolutive appeal. The relators thereupon obtained an order of this court requiring the said judge and the civil sheriff of the parish of Orleans to show cause why a writ of prohibition should not issue restraining them from further proceedings in said case. The judge a quo and the sheriff answered the rule,.and as we think satisfactorily in their behalf.
It is clear that this court has not jurisdiction ratione materiw. See case State ex rel. DeSt. Romes v. The Steam Cotton Press Company, 22 An. 622, and State ex rel. Nugas v. Friedlander, 25 An. 43, and 24 An. 148. Let the writ be discharged.